United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LESLIE BINSHYANG SUONG,

    Plaintiff,

v.

SHYUE YIH CHANG AND DOES 1-5,

    Defendants.

No. C 06-02748 CRB

**ORDER DISMISSING COMPLAINT AND ORDERING PLAINTIFF TO SHOW CAUSE WHY HE SHOULD NOT BE DECLARED A VEXATIOUS LITIGANT**

    Now pending before the Court is plaintiff's application to proceed *in forma pauperis*. This action was reassigned to this Court as related to three previous actions filed by this plaintiff against the same foreign defendant.

    A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. See 28 U.S.C. § 1915(a). Plaintiff has submitted the required documentation, and it is evident from his application that his assets and income are insufficient to enable plaintiff to prosecute the action.

    Viewing plaintiff's application in isolation, it appears that he should be allowed to proceed IFP. A court is under a continuing duty, however, to dismiss a case whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-- (iii).

1     Plaintiff's action is frivolous. It is identical to three previous actions filed by plaintiff
2 and dismissed by this Court: 05-3041 CRB, 05-3813 CRB, and 06-1885 CRB. Plaintiff is an
3 umemployed physician. He alleges that while he was working as an intern at Taipei
4 Veterans General Hospital in Taiwan in the 1980's he was treated by defendant, a surgeon,
5 for a snoring problem. Plaintiff claims that defendant intentionally created a severe upper
6 airway obstruction and that this intentional conduct caused plaintiff to become permanently
7 disabled. He alleges that defendant engaged in such "intentional mayhem" because
8 defendant resented plaintiff's American medical education, advanced degrees and United
9 States citizenship.

10     The Court dismissed plaintiff's original complaint in 05-3041 because plaintiff did not
11 identify under what law or statute he made his claims. The Court also held that it did not
12 have venue of plaintiff's claims. The Court also found that plaintiff's complaint
13 demonstrated that the Court did not have personal jurisdiction of defendant, a Taiwan
14 surgeon; in particular, the complaint's jurisdictional allegations did not satisfy either general
15 or specific jurisdiction. For all these reasons, the Court dismissed plaintiff's complaint
16 without prejudice.

17     Plaintiff's second complaint, 05-3813, identified the statute pursuant to which he
18 brought his claim: the Antiterrorism Act of 1990, 18 U.S.C. section 2333. The Court also
19 dismissed that action and entered judgment. The Court held that it did not have personal
20 jurisdiction of defendant, a physician residing in Taiwan, and also held that the statute did
21 not apply to the facts alleged by plaintiff as a matter of law.

22     Plaintiff filed another action, entitled "Notice of Declination and Objection Including
23 Complaint." The Court dismissed this complaint, too, with prejudice, for all the reasons
24 stated in the Court's order dismissing 05-3813 CRB. The Court specifically advised plaintiff
25 that if he disagrees with this Court's ruling, he may appeal to the Ninth Circuit Court of
26 Appeals, but he may not continue to file the same action in this Court.

27     Despite the Court's admonishment, plaintiff has filed the same complaint for the
28 fourth time. In an apparent attempt to keep the Court from relating this action to the

2

1  previously dismissed actions, he changed the spelling of his last name by one letter.  Whereas
2  the previous actions were filed by Leslie Binshyang Song, this action is filed by Leslie
3  Binshyang S<u>u</u>ong.  The exhibits to this complaint, which are identical to the exhibits attached
4  to his three previous complaints, refer to plaintiff as Leslie Binshyang Song.  He also
5  misrepresents on his application to proceed *in forma pauperis* that this action does not raise
6  the same claims as in any previous action.

7       As the Court previously dismissed the claims raised in this action with prejudice, this
8  action is DISMISSED with prejudice.

9       The All Writs Act, 28 U.S.C. section 1651, vests federal courts with the discretion to
10 enjoin certain litigants from engaging in wasteful litigation. Clinton v. United States, 297
11 F.2d 899 (9th Cir. 1961).  The courts may exercise their discretion to prevent litigants from
12 subjecting others to "repeated, baseless and vexatious suits at law on some particular subject
13 matter." Id. at 901 (quoting First State Bank v. Chicago R.I. & P.R. Co., 63 F.2d 585 (8th
14 Cir. 1933)).  Under the statute, a court may restrict litigants with abusive and lengthy
15 histories from submitting future filing of actions or papers provided that it: (1) gives the
16 litigant an opportunity to oppose the order before it is entered; (2) creates an adequate record
17 for review; (3) makes substantive findings as to the frivolous or harassing nature of the
18 litigant's actions; and (4) drafts a sufficiently detailed order. De Long v. Hennessey, 912
19 F.2d 1144, 1145-48 (9th Cir. 1990).

20      Plaintiff's conduct demonstrates that he will continue to file the same dismissed action
21 unless enjoined from doing so.  He has filed the same complaint four times, despite the
22 Court's dismissal of the claims with prejudice, and despite the Court's expressed warning to
23 plaintiff that he cannot keep filing the same complaint.  Instead of appealing the Court's
24 order of dismissal, he filed the same complaint again, this time changing the spelling in his
25 last name and misrepresenting in his *in forma pauperis* application that this action is not
26 related to any previously-filed actions.

27      Accordingly, plaintiff is directed to show cause why the Court should not declare him
28 a vexatious litigant and enjoin him from filing any actions in the United States District Court

3

1  for the Northern District of California against Shyue Yih Chang.  Plaintiff must explain in
2  writing, on or before May 26, 2006, why his repeated filing of the same complaint is not
3  frivolous and why he should not be declared a vexatious litigant.  The Court will take the
4  matter under submission at that time.  In the meantime, this action is DISMISSED with
5  prejudice.

**IT IS SO ORDERED.**

Dated: May 13, 2006

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE